[L. A. No. 3235.   Department One.—December 9, 1913.]

## NATIONAL LUMBER COMPANY, Respondent, v. BETTY A. RIPPLE, Defendant and Appellant; CHARLES A. MILLER, Defendant.

MECHANIC'S LIEN—MATERIALMAN—REASONABLE VALUE OF MATERIALS—FINDING—APPEAL.—Where there is a substantial conflict in the evidence, in an action to foreclose a materialman's lien, as to the reasonable value of the materials furnished and used in the buildings, the finding of the trial court on that matter is conclusive on appeal.

ID.—EVIDENCE OF REASONABLE VALUE.—Evidence of the prices at which the materials were sold to the contractor and that such prices were the reasonable market value of the goods at the time and place of sale, is sufficient to sustain a finding that the materials were of a corresponding reasonable value.

ID.—MATERIALS ACTUALLY USED IN BUILDING.—The evidence is held sufficient to sustain the finding that all the materials included in the claims allowed were actually used in the buildings.

ID.—VARIANCE—ADMISSION OF REASONABLE VALUE.—An allegation in the complaint to foreclose the lien that the materials were sold at the current market prices and that such prices were the reasonable value thereof, which is admitted by the answer, cannot be controverted by evidence that the goods were sold for an agreed price, as a lump sum.   It is held, however, that there is no variance between the evidence and the pleading in this particular.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

E. H. Jolliffe, for Appellant.

R. L. Horton, for Respondent.

SHAW, J.—The transcript embraces two actions to foreclose liens for materials alleged to have been furnished for and used in two buildings erected by the defendant, Miller, as contractor, for the defendant, Ripple, the owner.  The two actions were consolidated and tried together.  Miller made default.  Findings and judgment went for the plaintiff.  The defendant, Ripple, appeals from the judgment and from an order denying a new trial.

The appellant urges three propositions as ground for reversal.  They are: 1. That the evidence does not show that the amount allowed by the court below to plaintiff was the reasonable value of the materials furnished and used, or that they were sold at the current market prices; 2. That there was no proof that all the materials included in the claims allowed were used in the buildings; and 3. That there was a fatal variance between the pleadings, the claims of lien, and the proof.

Where there is a substantial conflict in the evidence the decision of the trial court as to the fact is conclusive on appeal.  It is useless, therefore, to discuss in detail the discrepancies in the evidence of the various witnesses.  The allegation of the complaint in each case is that the materials were sold by the plaintiff to the contractor at the current market prices in Ontario, California, and that said prices were the reasonable value thereof.  The findings of the court on this subject are in the language of the complaint.  The allegations that the materials were sold at the current market prices, and that said prices were the reasonable value thereof were not denied.  Consequently they were admitted as facts and it is unnecessary to determine whether the evidence supported the facts or not so far as the contract of sale is concerned.  The testimony of the salesmen of the plaintiff was to the effect that the prices charged for the goods embraced in the claims sued on were the reasonable market value of the goods at that time in Ontario, California.  Miller, the contractor, testified substantially to the same effect.  There was other evidence of similar character.  This sufficiently sustains the allegation that the goods sold were of the value claimed for them.

At the trial the appellant admitted that the materials were sold to the contractor to be used in the buildings and that

they were actually delivered to him on the premises. The men who erected the two buildings testified that the materials so delivered were all used in the buildings. On cross-examination, one of them said, regarding the rough lumber, that there was not much of it left over when the rough work was finished. The other, referring to the finishing material, said that he did not remember that any of it was left over. Two witnesses for the defendant testified that when the buildings were completed except the painting, there was a pile of rough lumber near by large enough to make three-quarters of a two-horse wagon load, and that it afterward disappeared. Its value was not shown, and no attempt was made to prove that it was a part of the lumber included in the claims sued upon. This evidence might create some uncertainty or suspicion that some of the material may not have been used in the buildings, but it is clearly not sufficient to justify this court in reversing the order denying a new trial because of the insufficiency of the evidence to sustain the finding that the materials allowed for were used in the buildings. It is further claimed that two doors included in the bills were not put into the buildings. We cannot say from the evidence in the record that this discrepancy actually existed. The witness, Miller, testified that a bill of particulars exhibited to him enumerated sixteen doors as among the materials furnished, and that the plan of the building showed only fourteen doors. It is not clear that the bill of particulars shown him was the one upon which the charge was made. The order denying the motion for a new trial was made on the condition that the plaintiff remit $13.70 from the judgment, which it accordingly did. This may have been ordered because of this discrepancy in regard to these two doors. The reason therefor is not shown. In the condition of the record we do not feel justified in reversing the order for this small discrepancy, supposing it to have existed.

The claim that there is a variance between the pleadings and the proof is based upon the theory that the evidence shows that the goods were sold for an agreed price, as a lump sum, and not for the reasonable value or for the current prices. So far as the supposed variance between the pleadings and proof is concerned the point is entirely disposed of by the fact, above noted, that the allegation as to the terms of the contract is

not denied.   By this admission it became an established fact and evidence to the contrary cannot be considered.   Being a fact established in the case which could not be controverted by the evidence, it is obvious that the statement in the claim of lien as to the terms of sale was also established as a fact by this admission of the pleadings.   It may be added, however, that the evidence does not conclusively show the variance claimed.   It appears that the contractor presented to plaintiff's salesman an itemized statement of the materials he desired for each building separately, that the salesman then extended opposite each item the current market price thereof at Ontario, and that these sums for building number one amounted to $880.72 and for building number two to $666.92. Thereupon the salesman marked the price for building number one at eight hundred and sixty dollars, and for building number two at six hundred and fifty dollars.   It was shown that this was the customary method of fixing reduced prices for bills for materials in those quantities.   This could hardly be considered a substantial variance from the allegation that the sale was made at the current market prices.   We find no substantial ground for a reversal.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.